# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

Rene Ingrid Quernemoen,

       Plaintiff,

                                            Civil No. 14-1678 (ADM/SER)

                                            **REPORT AND**
                                            **RECOMMENDATION**

    v.

Carolyn Colvin, Acting
Commissioner of Social Security,

       Defendant.

_____

      Plaintiff commenced this action by filing a self-styled Complaint seeking review of the Acting Commissioner of Social Security's denial of her application for Disability Insurance Benefits. (Compl.) [Docket No. 1]. Plaintiff did not tender the requisite filing fee with her Complaint, but instead filed an application for leave to proceed *in forma pauperis* ("IFP"). (Application to Proceed in District Court Without Paying Costs or Fees, "IFP Application") [Doc. No. 2]. By order dated May 30, 2014, Plaintiff was informed that her IFP Application was denied without prejudice and she was given twenty days to either pay the $400.00 filing fee or submit an Amended IFP Application.

      The deadline for paying the filing fee or submitting an Amended IFP Application in this case has now passed, and Plaintiff has done neither, nor has she offered any excuse for her failure to do so. Therefore, in accordance with the Court's prior Order in this case, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Link v.*

*Wabash Railroad Co.*, 370 U.S. 626, 630–31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases."); *Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

Based upon the above, and upon all the records and proceedings herein, **IT IS HEREBY RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE**.

Dated: June 23, 2014

*s/ Steven E. Rau*
Steven E. Rau
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 7, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeal.